IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                **Case No. 04-40132-01-RDR**

WALTER L. GREGORY,

        Defendant.

**O R D E R**

This order is issued to record the court's rulings upon the issues which arose during the October 16, 2008 hearing upon a violation report pertaining to defendant's conduct while on supervised release.

On April 4, 2006, defendant was sentenced to 15 months confinement pursuant to his guilty plea to one count charging him with possession of a firearm by a user of a controlled substance. A two-year term of supervised release was also imposed.

The parties have stipulated that while on supervised release defendant traveled on September 17, 2008 to the area of Bethany, Missouri without permission to travel outside of the District of Kansas. This was a violation of a standard condition of supervised release.

The violation report also charged defendant with three other violations to which defendant did not stipulate. Defendant was charged with violating the mandatory condition that defendant not

commit another crime. This charge alleged that defendant was arrested near Bethany, Missouri on September 18, 2008 as a passenger in a vehicle containing a substantial amount of marijuana and cocaine. There were two other people in the vehicle. Defendant was charged with committing another crime on the basis of his arrest for driving under the influence in Kansas City, Missouri on July 20, 2008. Finally, defendant was alleged to have violated the special condition that he abstain from alcohol, again on the basis of the arrest for driving under the influence. No evidence was presented as to these alleged violations.

    Defendant has a criminal history category of III. The stipulated violation is a Grade C violation. So under the policy statement of the Sentencing Guidelines the sentencing range is 5 to 11 months. The court decided to sentence defendant to 8 months with a one-year term of supervised release.

    Prior to imposing sentence the court listened to government counsel recommend a sentence which was the same as that imposed by the court. The court also listened to defense counsel argue that a lesser sentence should be imposed in light of: the minor nature of the stipulated violation; the relatively minor nature of the offense of conviction; the trend toward seeking alternatives to incarceration; and the absence of evidence of a drug problem.

    When the court imposed the sentence in this matter the court indicated that one of the factors the court considered was that

defendant had been "around" criminal activity.

After imposition of sentence, defense counsel raised a procedural and substantive objection to the sentence.  The government counsel then asked the court to state for the record that the court had considered the Chapter 7 policy statements of the Guidelines and the factors listed in 18 U.S.C. § 3553.  The court responded that those matters had been considered in rendering the sentence imposed by the court.

The court reiterates that after considering the nature and circumstances of defendant's stipulated violation as well as defendant's criminal history, the policy statements of Chapter 7 of the Sentencing Guidelines and the factors listed in § 3553, the court believes a sentence in the mid-range suggested by the Guidelines is the appropriate sentence in this matter.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2008 at Topeka, Kansas.

>                     s/Richard D. Rogers
>                     United States District Judge